```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

CHUKWUMA AZUBUKO, ET AL.,         )
         Plaintiffs,              )
                                  ) Civil Action: 05-10066-GAO
     v.                           )
                                  )
URBAN EDGE PROPERTY MANAGEMENT,   )
ET AL.,                           )
         Defendants.              )
_____ )
```

## MEMORANDUM AND ORDER

For the reasons stated below, this action is dismissed.

## BACKGROUND

On December 1, 2004, plaintiff Chukwuma E. Azubuko, filed in the United States District Court for the District of Florida, a complaint against various Massachusetts defendants. See Azubuko v. Urban Edge Property Management, et al., No. 4:04cv00481-RH-WCS. By separate Order dated January 5, 2005 that Court, finding no basis for venue in the District of Florida, transferred the cases to the District of Massachusetts. See Docket No. 1 (1/5/05 Order for Transfer). This action was received for filing by this Court on January 10, 2005, assigned Civil Action number 05-10066-GAO.

The Complaint makes claims for a "forceful and violent" eviction of the plaintiff, and others. Previously, plaintiff had removed an action from Massachusetts Housing Court, seeking to prevent this eviction. See Azubuko v. Urban Edge

Property Management, et al. Civil Action No. 04-11991-GAO. That action was remanded to the Boston Housing Court, based on a finding that this Court lacked subject matter jurisdiction over the dispute.

In an apparent attempt to litigate the eviction matter further, plaintiff filed the instant action in the District of Florida. The complaint also names plaintiff's son and daughter, and friend, Precious Okereke. However, none of those co-plaintiffs have signed the Complaint.

## DISCUSSION

I. Plaintiff has a substantial history of vexatious and frivolous litigation

Recently, this District Court has had an opportunity to review the numerous case filings by the plaintiff, both in this District and other Districts. These filings are outlined in detail in Judge Saris's Memorandum and Order in two Miscellaneous Business Dockets.(See Azubuko v. Commonwealth Auction Association, 03mc10053-PBS)(Memorandum and Order dated December 17, 2003 (#3)), and Azubuko v. National Magazine Exchange, 03mc10063-PBS (Memorandum and Order dated December 17, 2003 (#2)). For completeness of this record, portions of that Memorandum and Order are referenced and incorporated herein, and additional filings by plaintiff since then are also included.

2

The Court's records indicate that plaintiff Chukwu Azubuko has been a prolific *pro se* litigant in this Court, having filed twenty-two (22) cases under the name Chukwu Azubuko[1] (or Chukwuma Azubuko) and eleven (11) cases under the

---

[1] Azubuko v. Commissioner of the Registry of Motor Vehicles, C.A. No. 93-11650-PBS (defendant's motion to dismiss allowed), aff'd No. 94-1927 (1st Cir. Jan. 20, 1995); Azubuko v. Registrar of Motor Vehicles, C.A. No. 95-10763-WGY (dismissed pursuant to former § 1915(d)), aff'd No. 95-2366 (1st Cir. Nov. 1, 1996); Azubuko v. First Nat'l Bank of Boston, C.A. No. 95-11237-GAO (defendants motion to dismiss allowed), aff'd No. 96-1564 (1st Cir. Oct. 30, 1996); Azubuko v. Rufo, C.A. No. 95-11582-EFH (sua sponte dismissal of complaint for failure to state a claim), aff'd No. 96-1276 (1st Cir. Apr. 16, 1996); Azubuko v. Clerk-Magistrate, C.A. No. 95-11660-REK (sua sponte dismissal of action), appeal dismissed, No. 96-1934 (1st Cir. Nov. 20, 1996); Azubuko v. Black, et al., C.A. No. 95-11743-RGS (defendants motion to dismiss allowed); Azubuko v. Liberty Mut. Ins. Group, et al., C.A. No. 96-10161-GAO (defendants' motion to dismiss allowed), aff'd No. 96-1733 (1st Cir. Sept. 25, 1996); Azubuko v. Liberty Ins. Corp., M.B.D. No. 96-10011-WGY (motion for leave to file complaint allowed upon payment of filing fee); Azubuko v. Kingston, Jamaica, M.B.D. No. 96-10679- WGY (motion for leave to file complaint denied); Azubuko v. Evans, C.A. No. 97-12424-WGY (action removed from state court and defendant's motion to dismiss allowed); Azubuko v. Board of Dirs., British Airways, C.A. No. 98-10049-WGY (action removed from state court, judgment entered for defendant); Azubuko v. Board of Dirs., Varig Brazilian Airlines, C.A. No. 98-10050-WGY (action removed from state court, judgment entered for defendant); Azubuko v. Boston Police Comm'r, C.A. No. 98-10211-RGS (defendants motion to dismiss allowed); Azubuko v. Evans, 98-11398-REK (action removed from state court, defendants motion to dismiss allowed); Azubuko v. Commissioner of Police, C.A. No. 98-11399-MLW (action removed from state court, defendant's motion to dismiss allowed); Azubuko v. Lifestyle Transp., Inc., et al., C.A. No. 00-10495-REK (action transferred from D. Conn., defendants' motion to summary judgment allowed), appeal dismissed, No. 01-1128 (1st Cir. June 29, 2001); Azubuko v. City of Boston, et al., C.A. No. 00-10942-JLT (action

name Azubuko Chukwu[2].

---

transferred from D. Conn., defendants' motion for more definite statement treated as motion to dismiss and allowed); and <u>Azubuko v. Dare Family Servs.</u>, C.A. No. 01-10174-REK (action transferred from D. Conn., dismissed for lack of prosecution; motion to vacate dismissal denied); <u>Azubuko v. Board of Bar Overseers of the Supreme Judicial Circuit-Massachusetts</u>, C.A. No. 04-10192-WGY (motion to dismiss granted 9/10/04); <u>Azubuko v. The Educational Resources Institute, Inc., et al.</u>, C.A. No. 04-12690-NMG (filed in Eastern District of Louisiana and transferred 12/27/04); <u>Azubuko v. Urban Edge Property Management, et al.</u>, C.A. No. 05-10066-GAO (transferred from District of Georgia, 1/5/05); and <u>Azubuko v. Catherine H. Gallagher Cooperative Housing, et al.</u>, C.A. No. 05-10068-RWZ (filed in the Middle District of Louisiana and transferred 1/5/05).

[2]<u>Chukwu v. Commissioner of Parking</u>, C.A. No. 93-11397-JLT (defendant's motion to dismiss for lack of subject matter jurisdiction allowed), appeal dismissed as untimely, No. 94-1194; <u>Chukwu v. Board of Trs.</u>, C.A. No. 93-11398-JLT (defendants's motion for summary judgment allowed), <u>aff'd</u>, 95-1035 (1st Cir. Oct. 25, 1995); <u>Chukwu v. British Airways</u>, C.A. No. 93-12828-MEL (defendant's motion for summary judgment allowed), <u>aff'd</u> 96-1550 (1st Cir. May 9, 1997); <u>Chukwu v. Board of Dirs. Varig Airline</u>, C.A. No. 93-12829-RBC (defendant's motion for summary judgment allowed); <u>Chukwu v. Framingham State</u>, M.B.D. 93-10425-EFH (motion to proceed <u>in forma pauperis</u> denied); <u>Chukwu v. Murdoch, et al.</u>, C.A. No. 94-10324-PBS (defendant's motion to dismiss allowed), <u>aff'd</u> No. 94-1541 (1st Cir. Dec. 28, 1994); <u>Chukwu v. American Ins. Co.</u>, C.A. No. 94-10386-DPW (defendant's motion to dismiss allowed); <u>Chukwu v. Chief Adult Prob. Officer, et al.</u>, C.A. No. 94-10387-RGS (defendants' motion to dismiss allowed), <u>aff'd</u> No. 94-1745 (1st Cir. Dec. 20, 1994); <u>Chukwu v. Board of Dirs.</u>, C.A. No. 94-12156-DPW (defendant's motion to dismiss allowed); <u>Chukwu v. Registrar of Motor Vehicles, et al.</u>, C.A. No. 95-11661-WGY (defendant's motion to dismiss allowed and clerk directed not to accept any further documents tendered pro se by plaintiff unless certain conditions are met); and <u>Chukwu v. University of Massachusetts in Boston</u>, C.A. No. 95-11742-PBS (dismissed without prejudice for insufficient service of process), <u>aff'd</u> No. 96-1381 (1st Cir. Oct. 4, 1996).

4

The Court's records further indicate that on September 6, 1995, Chief Judge William G. Young entered an order in Chukwu v. Registry of Motor Vehicles, et al., C.A. No. 95-11661-WGY, dismissing the action for failure to state a claim and ordering the clerk not to accept for filing any further documents tendered *pro se* by plaintiff unless certain conditions are met.  See Docket No. 13 (9/6/95 Order), No. 95-11661-WGY.  Additionally, on March 31, 2004, Chief Judge Young ordered that plaintiff pay to the Board of Bar Overseers of the Commonwealth of Massachusetts the sum of five hundred dollars ($500.00) as partial compensation for its efforts in litigating the case of Azubuko v. Board of Bar Overseers of the Supreme Judicial Court, C.A. 04-10192-WGY. He further ordered a monetary sanction against the plaintiff in light of his propensity to file frivolous lawsuits in this and other district courts. Plaintiff Azubuko was fined $5,000, which was suspended until and unless, without prior approval by a judicial officer, plaintiff files any action in any Court of the United States that is subsequently found to be frivolous.

In addition to the numerous cases in this District, a search of PACER, the federal judiciary's electronic public access system, reveals that plaintiff has also been a prolific *pro se* litigant in several other federal courts.  Since the

entry of Chief Judge Young's 1995 Order, plaintiff filed at least thirty[3] actions in other courts, most in an apparent

---

[3] <u>Azubuko v Parking Clerk</u>, No. 98-1887 (N.D.N.Y. 1998) (closed December 22, 1998); <u>Azubuko v. Giorlandino</u>, No. 99-826 (S.D.N.Y. 1999) (order dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2) and warning plaintiff that the filing of future lawsuits may result in order barring him from filing any future complaints without leave of court), <u>aff'd</u>, 99-7337 (2d Cir. May 2, 2000); <u>Azubuko v. Harshbarger</u>, No. 99-827 (S.D.N.Y. 1999) (order dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2) and warning plaintiff that the filing of future lawsuits may result in order barring him from filing any future complaints without leave of court), <u>aff'd</u>, 99-7337 (2d Cir. May 2, 2000); <u>Azubuko v. U.S. Commerce Bureau of Census</u>, No. 99-1395 (S.D. Cal. 2002) (amended complaint dismissed); <u>Azubuko v. Lifestyle Transp., Inc., et al.</u>, No. 99-1988 (D. Conn. 2000) (transferred to the District of Massachusetts); <u>Azubuko v. Chief Justice Tauro</u>, No. 99-2233 (S.D.N.Y. 1999) (closed March 25, 1999); <u>Azubuko v. United States</u>, No. 99-2395 (S.D. Cal. 2000) (defendants motion to dismiss allowed); <u>Azubuko v. United States, et al.</u>, No. 99-3226 (D.D.C. 1999) (complaint dismissed without prejudice); <u>Azubuko v. City of Boston, et al.</u>, No. 00-89-SRU (D. Conn. 2003) (transferred to the District of Massachusetts); <u>Azubuko v. Student Loan Servs., et al.</u>, No. 00-1677 (D. Conn. 2002) (defendants motion to dismiss allowed); <u>Azubuko v. High Fort Mgmt., Inc., et al.</u>, No. 00-1678-SRU (D. Conn. 2000) (defendants motion to dismiss allowed); <u>Azubuko v. Yoram Mgmt., Inc, et al.</u>, No. 00-1679-SRU (D. Conn. 2001) (defendants motion to dismiss allowed); <u>Azubuko v. Assie, et al.</u>, No. 00-2287-SRU (D. Conn. 2001) (dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction and improper venue); <u>Azubuko v. Dare Family Servs.</u>, No. 00-2288-RNC (D. Conn. 2001) (transferred to the District of Massachusetts); <u>Azubuko v. Martin II - Suffolk</u>, No. 00-2581 (S.D.N.Y. 2000) (closed April 5, 2000); <u>Azubuko v. Bank of Boston of Massachusetts</u>, No. 00-2582 (S.D.N.Y. 2000) (closed April 5, 2000); <u>Azubuko v. Framingham State Coll.</u>, No. 01-2258 (S.D. Cal. 2001) (dismissed for improper venue); <u>Azubuko v. United States</u>, No. 01-2259 (S.D. Cal. 2002) (dismissed without prejudice); <u>Azubuko v. Chick</u>, No. 02-1113 (N.D. Ga. 2002) (dismissed for failure to effect service and plaintiff enjoined from filing further documents in action without leave

effort to avoid the filing conditions set by Chief Judge Young. In fact, plaintiff circumvented Chief Judge Young's 1995 Order when four of plaintiff's previous actions were transferred to the District of Massachusetts.[4]

Several other courts have recognized plaintiff's

---

of court); Azubuko v. Hines, No. 02-1114 (N.D. Ga. 2002) (dismissed for failure to effect service); Azubuko v. Board of Trs., No. 02-3121 (N.D. Ga. 2002) (closed September 4, 2003); Azubuko v. Aspire Visa, et al., No. 03-30 (M.D. Ga. 2003) (closed August 6, 2003); Azubuko v. U.S. Dep't. of Justice, No. 03-86 (S.D. Ga. 2003) (dismissed with prejudice); Azubuko v. Board of Bar Overseers, No. 03-346 (M.D. Ga. 2003) (transferred to the District of Massachusetts); Azubuko v. Berkshire Mut. Ins. Co., et al., No. 03-1896 (action dismissed with prejudice and plaintiff enjoined from filing further documents in action without leave of court); Azubuko v. INS Experts, Inc., No. 03-1896 (N.D. Ga. 2003) (judgment for defendant); and Azubuko v. Bay State Taxi, Inc., No. 03-7329 (S.D. Ill. 2003) (dismissed without prejudice for failure to state a federal claim or any basis for venue in the Northern District of Illinois); Azubuko v. The Educational Resources Institute, Inc., et al., C.A. No. 04-12690-NMG (filed in Eastern District of Louisiana and transferred 12/27/04); Azubuko v. Urban Edge Property Management, et al., C.A. No. 05-10066-GAO (transferred from District of Georgia, 1/5/05); and Azubuko v. Catherine H. Gallagher Cooperative Housing,et al., et al., C.A. No. 05-10068-RWZ (filed in the Middle District of Louisiana and transferred 1/5/05).

[4]Azubuko v. Lifestyle Transp., Inc., et al., No. 99-1988 (D. Conn. 2000) (transferred to the District of Massachusetts); Azubuko v. City of Boston, et al., No. 00-89-SRU (D. Conn. 2003) (transferred to the District of Massachusetts); Azubuko v. Dare Family Servs., No. 00-2288-RNC (D. Conn. 2001) (transferred to the District of Massachusetts); and Azubuko v. Board of Bar Overseers, No. 03-346 (M.D. Ga. 2003) (transferred to the District of Massachusetts).

extensive litigation history and some have also imposed filing restrictions on plaintiff. <u>Azubuko v. Assie</u>, No. 01-7688 (2d Cir. 2002) (imposing leave-to-file restrictions on Mr. Azubuko); <u>Azubuko v. Giorlandino</u>, No. 99-7337, 2000 WL 553184 (2d Cir. 2000) (discussing Mr. Azubuko's "extensive litigation history and his repeated attempts to relitigate the same claims in state and federal courts"); <u>Azubuko v. U.S. Dep't. of Justice</u>, No. 403cv086 (S.D. Ga. 2003) (discussing Mr. Azubuko's "long and unsuccessful litigation history" and forewarning Mr. Azubuko of possible sanctions, including criminal contempt and incarceration); <u>Azubuko v. Massachusetts Turnpike Authority</u>, No. 03-173-RWS (N.D. Ga 2003) (imposing leave-to-file restrictions on Mr. Azubuko); and <u>Azubuko v. Berkshire Mutual Insurance Company, et al.</u>, No. 03-1580-BBM (N.D. Ga. 2003) (imposing leave-to-file restrictions on Mr. Azubuko).

II. <u>Plaintiff's filing is an attempt to circumvent Chief Judge Young's Order</u>.

As noted above, by Order dated September 6, 1995, the clerk was directed not to accept for filing any further documents tendered *pro se* by plaintiff unless certain conditions were met. <u>See</u> Docket No. 13 (9/6/95 Order), No. 95-11661-WGY. Those conditions are (1) any document tendered

for filing *pro se* by plaintiff must be accompanied by a motion seeking leave of court to file same and (2) a judge of the court grants plaintiff leave to file the document.  <u>Id.</u>  If these two conditions are not met, the Clerk must return the tendered document to plaintiff.  <u>Id.</u>

Here, plaintiff has not complied with any of the conditions found in Chief Judge Young's 1995 Order, primarily because he filed the case in the District of Florida as a means to pursue the litigation.  This fact, however, will not excuse non-compliance, because of the demonstrated bad faith associated with the filing. Plaintiff's claims are against Massachusetts defendants, involve property and proceedings in Massachusetts.  Clearly, in view of plaintiff's prior litigation history and Judge Saris's Orders[5], he must have been aware that the District of Florida was not the appropriate forum for this dispute.  Thus, the only logical inference which can be drawn by institution of this suit in another district, is that he was attempting to avoid the

---

[5] Plaintiff has previously been warned by this Court that compliance with Chief Judge Young's 1995 Order was a requisite, notwithstanding actions may have been filed in another District. <u>See</u> <u>Azubuku v. Commonwealth Auction Association</u>, 03mc10053-PBS (Memorandum and Order dated 12/17/03 (#3))("If plaintiff wishes to proceed with any of these actions, his motion seeking leave must contain a certification under oath that there is a good faith basis for their filing").

9

prerequisites imposed by Chief Judge Young. This is not the first time he has attempted to circumvent Chief Judge Young's order, and his quite recent attempts to circumvent the order by filing cases in the Districts of Louisiana and Georgia[6], which also involve disputes in Massachusetts, cannot be brooked by this Court.

III.     Sanctions against plaintiff are warranted

Based on the above listed pattern of abusive litigation by this plaintiff, an Order directing plaintiff to first receive "leave to file", such as the one imposed by Chief Judge Young's 1995 Order, was an appropriate sanction at that time[7].  Since then, however, plaintiff Azubuko has continued

---

[6] See Azubuko v. The Educational Resources Institute, Inc., et al., C.A. No. 04-12690-NMG (filed in Eastern District of Louisiana and transferred 12/27/04)(suit also names University of Massachusetts, Massachusetts Boston Municipal Court, and Massachusetts Appeals Court); and Azubuko v. Catherine H. Gallagher Cooperative Housing,et al., et al., C.A. No. 05-10068-RWZ (filed in the Middle District of Louisiana and transferred 1/5/05).

[7] Although a plaintiff's affinity for litigation, standing alone, would not provide sufficient cause to issue an injunction, see Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980), cert. denied, 449 U.S. 829 (1980), here plaintiff's actions go beyond mere litigiousness.  Most of his cases have been subject to dismissal.  In extreme cases, which impinge upon the limited time and resources of the court and the other parties, an injunction from filing frivolous and vexatious lawsuits is proper.  See Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985); Gordon v. U.S. Dep't. of Justice, 558 F.2d 618 (1st Cir. 1977) (per curiam); see also Sires v. Gabriel, 748 F.2d 49 (1st Cir. 1984); Rudnicki v.

to demonstrate a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints."  In re Sassower, 20 F.3d 42, 44 (2d Cir. 1994).  Moreover, as noted above, he has also deliberately attempted to skirt this sanction by filing suits in other districts in which venue is improper.

It is well settled that courts have the inherent power to impose sanctions for abuse of the judicial system.  Chambers v. NASCO, Inc., 501 U.S. 32, 49 (1991).  "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  Chambers, 501 U.S. at 43 (quoting Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962)).

Based on the above, it is clear that plaintiff is just not getting the message of this Court, and he continues to waste the judicial resources of this Court and others.  Accordingly, further sanctions appear to be necessary to ensure plaintiff recognizes the seriousness of his continued abuse of the judicial system.  First, dismissal of this action with prejudice is a proper sanction for the reasons stated

---

McCormack, 210 F. Supp. 905, 908-912 (D.R.I. 1962), appeal dismissed sub nom, Rudnicki v. Cox, 372 U.S. 226 (1963).

above. Second, the plaintiff is hereby put on notice that further abuses by the plaintiff will result in the imposition of additional monetary sanctions (apart from the $5,000 sanction imposed by Chief Judge Young). He may also be subject to criminal and/or civil contempt proceedings[8].

IV. <u>Co-plaintiffs' claims are dismissed without prejudice</u>.

With respect to the claims of co-plaintiffs in this action, it is noted that they have failed to sign the complaint, in violation of Fed. R. Civ. P. 11(a).[9] Only plaintiff Azubuko has signed the complaint. Accordingly, this Court will not consider the claims of co-plaintiffs, and those claims are dismissed without prejudice.[10]

---

[8] Pursuant to 18 U.S.C. §401, a court shall have the power to punish by fine or imprisonment, or both, with respect to contempt of court orders.

[9] Rule 11 (a) states that "Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

[10] In its present form, the complaint is nevertheless defective, as it fails to comply with Fed. R. Civ. P. 8(a). Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint

Moreover, plaintiff Azubuko is prohibited from litigating this action on behalf of the named co-plaintiffs. As a non-lawyer, plaintiff Azubuko may not bring claims on behalf of another person. A person who is not an attorney may only represent himself, not any other party. See Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994) (stating that "an individual who is not an attorney admitted to practice in this court cannot be allowed to represent any other person, any class, or other legal entity."); L.R. 83.5.3(c) ("A person who is not a member of the bar of this court. . . . will be allowed to appear and practice before the court only in his own behalf."); accord Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) (non-attorney parent may not bring an action on action on behalf of child without representation by counsel); cf. Barrows v. Jackson, 346 U.S. 249, 254 (1953) (as a general rule, a party does not have standing to vindicate the constitutional rights of another party).

## CONCLUSION

In light of the above, it is hereby ORDERED:

---

is replete with extraneous statements and boilerplate recitations of inapplicable law. (See, e.g., Complaint, page 9: "How Defendants (1 and 8) would deal with the case was not the Plaintiff's business. They kissed and they had to marry, of course!").

1.  Plaintiff Azubuko's complaint is dismissed in its entirety, with prejudice;

2.  Co-plaintiffs' complaint is dismissed in its entirety, without prejudice; and

3.  Plaintiff Azubuko is warned that further abusive filings may result in the imposition of further monetary sanctions or contempt proceedings.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>24th</u> day of <u>February</u>, 2005.

<u>/s/ George A. O'Toole</u>
GEORGE A. O'TOOLE
UNITED STATES DISTRICT JUDGE